IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA L. SHELTON                                                                                PLAINTIFF

      v.                               CIVIL NO. 2:14-cv-2198-MEF

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 14, 15, 17) The matter is before the undersigned by consent of the parties.

### I.    Background:

On March 14, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $7,101.80, representing a total of 7.95 attorney hours for work performed in 2014 at an hourly rate of $186.00, 26.30 attorney hours for work performed in 2015 at a rate of $187.00, and 3.75 attorney hours for work performed in 2016 at an hourly rate of $188.00. (ECF No. 15-1) On January 27, 2016, the Commissioner filed a response voicing no objection to the hourly rate sought, but objecting to the number of hours Plaintiff's counsel is requesting. (ECF No. 17) The Plaintiff filed a reply on February 16, 2016, contending the fee requested is reasonable and compensable under the EAJA. (ECF No. 18)

### II.    Applicable Law:

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's

denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*  Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not, however, designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

As a general rule, attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorney's justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic, though, and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Sanders v. Astrue*, 2012 WL 19422 (W.D. Ark. Jan 3, 2012), this Court decided to follow the approach set forth in *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 969-974 (N.D. Iowa 2004), wherein the Court found that "a reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services were performed." *Id.* at 974. In this case, we find that an increase in the cost of living justifies a higher fee. Accordingly, the Plaintiff is entitled to receive the hourly rates requested for the years in question.

**III.    Discussion:**

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. (ECF No. 16) The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

**A.    Clerical Tasks:**

The Commissioner objects to a total of 1.25 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that

3

work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: a telephone call from the client rescheduling her appointment, receiving and reviewing proof of service (green cards), and receiving and reviewing the NEFs confirming filing of service of process. Counsel is, however, awarded the full .15 attorney hours requested for the preparation and execution of the affidavits of service. We find this time to be adequate to compensate counsel for all legal tasks associated with perfecting service.

Accordingly, Plaintiff is awarded .75 attorney hours for performing these tasks, reducing her fee request by .55 hours.

   B.   **EAJA Motion:**

The Commissioner also contends that the 3.00 hours Plaintiff requests in compensation for the preparation of the Motion for EAJA fees and its supporting documentation is excessive. The undersigned finds that 3.00 hours is a reasonable amount of time for the preparation of these documents. Accordingly, the Plaintiff will be awarded the full time requested for the completion of this task.

   C.   **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

## IV.     Conclusion:

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$6,999.50** for 7.40 attorney hours performed in 2014 at an hourly rate of $186.00, 26.30 attorney hours in 2015 at a rate of $187.00 per hour, and 3.75 attorney hours in 2016 at an hourly rate of $188.00. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 8th day of June, 2016.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE